UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID PEPPERS                                                                    PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:11CV-547-S

LTF GREENHOUSES, LLC, et al.                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, LTF Greenhouses, LLC and

Lewis Taylor Farms, Inc., to dismiss the complaint for failure to state a claim upon which relief may

be granted pursuant to Fed.R.Civ.P. 12(b)(6).  Alternatively, the defendants seek a more definite

statement under Fed.R.Civ.P. 12(e).  For the reasons stated herein, the motion will be denied.

In this action, the plaintiff, David Peppers, alleges that prior to the 2010 planting season, he

arranged to have delivered to him plantable "Aristotle" variety bell pepper seedlings.  He allegedly

contracted with defendants William A. Pippin and Pippin Farms, Inc. to obtain the seeds and arrange

pelletizing of the seeds by  an entity known as "Incotec," and germination of the pelletized seeds by

defendants LTF Greenhouses, LLC and/or Lewis Taylor Farms.[1]

Peppers alleges that neither the seeds nor the seedlings were labeled, as required by law and

by custom in the industry.  He contends that the defendants misrepresented the seeds and seedlings

to be "Aristotle" variety seedlings when they, in fact, were not.  With respect to LTF Greenhouses,

LLC and Lewis Taylor Farms, Inc. particularly, the Complaint alleges that these defendants (1)

---

[1]It appears from the Complaint that the plaintiff is unsure as to the precise relationship between these two defendants.  He asserts claims of misrepresentation and failure to label against both defendants and alternatively alleges that LTF Greenhouses, LLC was operating in this judicial district as an agent for Lewis Taylor Farms.

accepted the bell pepper seeds and agreed to germinate them, despite the fact that they were not properly labeled, (2) germinated the seeds and delivered the seedlings to Peppers, (3) represented that the seedlings were "Aristotle" variety bell peppers when they were, in fact, some other variety, and (4) delivered seedlings that had leaf spot and other harmful bacteria or spores not readily detectable at the time of delivery to Peppers.  Peppers claims that LTF Greenhouses, LLC and Lewis Taylor Farms, Inc. breached various warranties, acted negligently, and misrepresented the product they provided to Peppers.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*., at 557, 127 S.Ct. 1955 (bracket omitted).

As noted, prior to the 2010 growing season, the LTF Greenhouses/Lewis Taylor Farms defendants are alleged to have received and accepted seeds which were not properly labeled, germinated those seeds into seedlings, and delivered those seedlings, representing to Peppers that they were the "Aristotle" variety of bell pepper he had ordered and was anticipating.

The defendants have moved to dismiss the complaint on the grounds which appear more focused on proof of the claims rather than on the adequacy of the allegations of the Complaint.  For

example, they make much of "Exhibit A" to the Complaint, stating that paragraph 11 constitutes the "evidence offered in support" of Peppers' contention that "LTF Greenhouses represented to the Plaintiff that the seedlings it delivered were "Aristotle" variety..."  (DN 4, p. 2).

First, this statement is inaccurate inasmuch as paragraph 11 of the Complaint states only that

Personal jurisdiction and venue in this judicial district are proper because Defendant LTF Greenhouses LLC purposefully availed itself of the privilege of conducting business here, including by way of example, offering to deliver "Transplant" seedlings that defendant represented as "Pepper-Aristotle" on "Order #2697" as indicated on the "Order Confirmation" attached hereto as Exhibit A.

The "Background Facts" (¶¶ 19-50) and the claims (¶¶ 51-95) make no reference to "Exhibit A." In any event, the allegations of the Complaint are taken as true for purposes of evaluating a motion to dismiss.  Thus any underlying documentation to prove the claims is not required, even under the *Iqbal* standard, to adequately state a claim.

Similarly, at pg. 4 of the defendants' motion, they state that "[b]ecause the Complaint provides no information that would associate the Plaintiff with the Order Confirmation on which he relies, and contains otherwise vague information about the timing of the alleged transaction(s) and roles of the parties involved, the Complaint essentially contains only legal conclusions setting forth no facts upon which the Complaint may stand."  (DN 4, p. 4).

The court finds this argument to be without merit.  The "order Confirmation" aside, the Complaint adequately alleges the time, nature and circumstances of the defendants' purported involvement in the  events culminating in Peppers' alleged injury.  Times, dates, dates and actions need not be precisely alleged under the new pleading regime articulated in *Iqbal* and *Twombly*. Rather, the complaint must merely contain sufficient facts to state a claim which is plausible on its face.  This the plaintiff has done.

- 3 -

Therefore, motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendants, LTF Greenhouses, LLC and Lewis Taylor Farms, Inc., to dismiss (DN 4) is **DENIED.**

**IT IS SO ORDERED.**

May 16, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

- 4 -