UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID PEPPERS, et al.                                              PLAINTIFFS

v.                                                     NO. 3:11-CV-000547-CRS

LTF GREENHOUSES, LLC, et al.                                       DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the motion of Plaintiffs David Peppers and Scotty Lee (collectively, "Plaintiffs") for leave to file an amended complaint and to join additional defendants. (DN 83). Defendants LTF Greenhouses, LLC and Lewis Taylor Farms, Inc. (collectively, "LTF") have responded and raised several objections to Plaintiffs' motion. (DN 84). For the reasons set forth below, the court will grant Plaintiffs' motion (DN 83).

**I.**

On September 30, 2011, Plaintiff David Peppers ("Peppers") filed a complaint in this court naming LTF, W.A. Pippin, and W.A. Pippin Farms, Inc. as defendants and invoking our diversity jurisdiction.[1] (DN 1). In the complaint, Peppers alleges that W.A. Pippin and W.A. Pippin Farms, Inc. (collectively, "W.A. Pippin") promised to provide Peppers with "Aristotle" variety bell pepper seeds. W.A. Pippin allegedly shipped the seeds to Incotec, which pelletized the seeds, and then had the seeds shipped to LTF for germination. With respect to LTF, the complaint alleges that LTF: (1) accepted the bell pepper seeds and agreed to germinate them, despite the fact that they were not properly labeled as "Aristotle" bell pepper seeds; (2) germinated the seeds and delivered the seedlings to Peppers; (3) represented that the seedlings

---

[1] The parties do not appear to dispute that Plaintiffs are citizens of Kentucky, Defendant LTF is a Georgia corporation with its principal place of business in Georgia, and Defendant W.A. Pippin is a Florida corporation with its principal place of business in Florida. (DN 1, ¶¶ 1, 3–5).

were "Aristotle" variety bell peppers when they were, in fact, some other variety; and (4) delivered seedlings that had leaf spot and other harmful bacteria or spores not readily detectable to Peppers at the time of delivery.

By this court's order, Peppers' case was consolidated with the case of Scotty Lee ("Lee") on December 19, 2012. (DN 54). After the consolidation, the parties engaged in limited discovery. As a result of the information obtained during this initial discovery period, Plaintiffs filed several motions seeking to join additional defendants and file an amended complaint. (DNs 55, 57, 60, 73). LTF opposed Plaintiffs' motions and requested that the court establish deadlines regarding the amendment of pleadings. (DN 75). In an order dated May 30, 2013, this court granted LTF's motion (DN 75) and gave Plaintiffs fourteen days to file any motion to join parties or amend the complaint. (DN 80). The court also denied Plaintiffs' pending motions (DNs 55, 57, 60, 73) as moot. (DN 80).

On June 13, 2013, Plaintiffs moved to file an amended complaint and join additional parties. (DN 83). Specifically, the proposed amended complaint seeks to add additional facts learned during discovery to support Plaintiffs' claims, three new claims against the named defendants, and three additional parties as defendants. Plaintiffs state that they discovered this previously unknown information during the period of initial discovery, including information regarding the markings on the pepper seed they received from W.A. Pippin and LTF, in addition to the identities of W.A. Pippin employees and the distributors who were responsible for selling the seed to Plaintiffs. LTF opposes Plaintiffs' motion on several grounds. First, LTF claims that the proposed complaint does not set forth a short and plain statement of Plaintiffs' claims. Second, LTF argues that some of Plaintiffs' claims against LTF—including the claims for breach

of warranty, negligent misrepresentation, breach of contract, unjust enrichment, and the claims under the Lanham Act—are futile in that they fail to plead a claim against LTF.

## II.

Pursuant to Fed. R. Civ. P. 15(a), a party who fails to amend a pleading within 21 days after service of a responsive pleading may only amend by seeking leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, in deciding whether to allow a party to amend a complaint, the court should consider "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Futility is found where an amendment could not overcome a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, "the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level,' and 'state a claim to relief that is plausible on its face.'" *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal citation omitted) (alteration in original).

## III.

The court must determine whether Plaintiffs should be granted leave to file an amended complaint. Fed. R. Civ. P. 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b), but the 21–day time

period in this case lapsed without Plaintiffs amending their complaint. Thus, Plaintiffs may now amend "only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2).

LTF asks the court to refuse to exercise its discretion to grant the amendment. In support of this request, LTF first argues that Plaintiffs' proposed amended complaint fails to set forth a short and plain statement of Plaintiffs' claims. Fed. R. Civ. P. 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

According to LTF, the proposed amended complaint "contains lengthy and undated, unattributed narratives . . . , many of which appear unrelated to the substantive allegations" contained in the proposed complaint. (DN 84, p. 2). LTF cites to two district court opinions from New York and Kansas for the proposition that a complaint fails to meet the requirements of Rule 8 when it "contains voluminous, irrelevant and/or non-specific factual recitations . . . ." (DN 84, p. 2). *See Med. Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1331 (D. Kan. 2006) (denying the plaintiff's request to amend its 115 page, 613 paragraph complaint because it was "exceptionally verbose and cryptic" and contained "a multitude of unsupported, unauthenticated commentary about the healthcare industry in the United States"); *DynCorp v. GTE Corp.*, 215 F. Supp. 2d 308, 318 (S.D.N.Y. 2002) (striking, in a complex breach of contract action, a paragraph of the complaint which restated the complaint's prior allegations in full). However, the cases cited by LTF can be distinguished from the facts of the case at bar. Plaintiffs' proposed amended complaint is 23 pages long and contains 221 numbered paragraphs. (DN 83-15). Though it is longer than Peppers' original 16-page, 95 paragraph complaint, it is

not so "exceptionally verbose and cryptic" as to require dismissal. *See Med. Supply Chain, Inc.*, 419 F. Supp. 2d at 1331–32.

LTF further argues that the proposed amended complaint "contains several Counts where the actions of the Defendants are complained of as a group, even though other portions of the same Count indicate the allegations apply only to certain Defendants." (DN 84, p. 2). The court recognizes that the demands for relief contained within the proposed amended complaint are not the most articulately phrased, but they are nonetheless sufficient to satisfy the Rule 8 requirements and put LTF on notice of the claims raised against it.

LTF next asks the court to deny Plaintiffs' motion because the proposed claims stated against LTF are futile, as such claims could not survive a Rule 12(b)(6) motion to dismiss. It first argues that the warranty claims asserted in Counts I and II, in addition to the Lanham Act claim in Count V, fail to state a claim against LTF. Though LTF notes that Plaintiffs do not appear to state claims against LTF under these counts, it nevertheless argues that the references in the "Wherefore" clauses of each count could indicate that Plaintiffs are attempting to bring such claims against LTF. In their reply, Plaintiffs confirm that the proposed amended complaint does not assert claims against LTF for breach of warranty or for violation of the Lanham Act. As such, Counts I, II, and V of the proposed amended complaint do not state a claim against LTF, nor did Plaintiffs intend to state a claim against LTF under these counts. Rather, Plaintiffs intended to assert these claims against the other defendants.

LTF further argues that Count IV, which seeks to state a claim against LTF and the other named defendants for negligent misrepresentation, is futile in that it would not survive a motion

to dismiss.[2] The proposed claim alleges that LTF negligently misrepresented to Plaintiffs that the seeds they received from W.A. Pippin were "Aristotle" hybrid bell pepper seeds. The parties agree that the Restatement (Second) of Torts § 552 sets the standard for negligent misrepresentation in Kentucky. Section 522(1) provides that

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) Torts § 552 (1977). "Under Kentucky law, a plaintiff asserting negligent misrepresentation must prove that: 1) the transaction at issue is one in which the defendant had a pecuniary interest; 2) the defendant supplied false information; 3) the information was supplied for others' guidance in their business transactions; 4) the defendant failed to exercise reasonable care in communicating the information; 5) the plaintiff acted in reliance thereon; and 6) the false information caused injury." *Helton v. Am. Gen. Life Ins. Co.*, 946 F. Supp. 2d 695, 2013 WL 2242773, *10 (W.D. Ky. 2013) (citing *Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575 (Ky. 2004)).

LTF first argues that the proposed claim for negligent misrepresentation states neither the details regarding the representations allegedly made by LTF, nor the person or persons to whom the alleged representations were made. The court finds, however, that the proposed claim alleges sufficient details regarding the representations that LTF supposedly made to Plaintiffs. Count IV of the proposed amended complaint incorporates the prior allegations contained within the proposed complaint, including the allegations that Lee contacted LTF on his and Peppers' behalf

---

[2] Count IV also states a claim for fraud, but it specifically states that the claim against LTF is for "negligent misrepresentation only . . . ." (DN 83-15, p. 18).

to check on the seeds but was not informed of the alleged marking and labeling errors. (DN 83-15, ¶¶ 70, 82, 95–96). Also incorporated are allegations that Plaintiffs "contracted with LTF to receive and then grow Aristotle Hybrid Pepper seed to seedling stage and to deliver the seedlings" to Lee. (DN 83-15, ¶ 83).

LTF also argues that the proposed claim for negligent misrepresentation fails to show the existence of a "business transaction" between Plaintiffs and LTF and, as such, does not establish that LTF had a pecuniary interest so as to subject it to liability. The comments to the Restatement state that "[t]he fact that the information is given in the course of the defendant's business, profession or employment is a sufficient indication that he has a pecuniary interest in it, even though he receives no consideration for it at the time." Restatement (Second) Torts § 552, cmt. d (1977). This is not, however, conclusive proof that a defendant does, in fact, have a pecuniary interest in the transaction. *Id.*

The proposed claim alleges that LTF negligently misrepresented that the seeds it received from W.A. Pippin were "Aristotle" hybrid bell pepper seeds. (DN 83-15, ¶¶ 181–82). It also specifically alleges that Plaintiffs contracted with LTF to receive and grow the "Aristotle" hybrid bell pepper seeds, that Plaintiffs paid LTF for the growing services it provided to Plaintiffs, and that LTF mislabeled the seeds as "Aristotle" hybrid bell pepper seeds. (DN 83-15, ¶¶ 83–84, 105–106). Thus, the proposed amended complaint sufficiently indicates the existence of a business transaction between the parties and enumerates the details regarding the supposed representations made by LTF and, therefore, adequately pleads a claim for negligent misrepresentation as to LTF.

Finally, LTF argues that Count VII of the proposed amended complaint fails to state a claim against LTF for breach of contract and unjust enrichment. To establish a claim for breach

of contract under Kentucky law, Plaintiffs must prove: (1) the existence of a contract; (2) breach of that contract; and (3) damages stemming from the breach. *Metro Louisville/Jefferson Cnty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. 2009). The proposed claim alleges that Plaintiffs "contracted with LTF to receive and then grow Aristotle Hybrid Pepper seed to seedling stage and then deliver the seedlings" to Lee. (DN 83-15, ¶ 83). It further alleges that Plaintiffs paid LTF for such services, and that LTF breached the alleged contract when it failed to deliver genuine "Aristotle" hybrid pepper seed. (DN 83-15, ¶ 208). Plaintiffs claim that this alleged breach caused them to suffer damages. (DN 83-15, ¶¶ 207–08). Therefore, the proposed amended complaint pleads a claim against LTF for breach of contract.

LTF cites to *Ford Motor Co. v. Kahne*, 379 F. Supp. 2d 857, 878 (E.D. Mich. 2005) to support its argument that Plaintiffs' unjust enrichment claim must be dismissed. According to LTF, *Kahne* stands for the proposition that a complaint fails to satisfy the Rule 8 requirements when it "is focused on a claim for breach of contract" and makes "passing reference to a claim of unjust enrichment, without stating separate facts apart from the alleged breach of contract that would support such a claim[.]" (DN 84, p. 14). LTF reads that case too narrowly. The court in *Kahne*, in ruling on the defendant's motion for summary judgment, dismissed the plaintiff's claim for unjust enrichment because the "entire complaint focus[ed] on the alleged breach of contract" and the "only mention or hints of 'unjust enrichment' [were] found in isolated paragraphs" of the complaint. *Kahne*, 379 F. Supp. 2d at 878. Because "[c]ase law suggests that Plaintiffs may allege both a breach of warranty claim and an unjust enrichment claim in their complaint," *Naiser v. Unilever U.S., Inc.*, — F. Supp. 2d —, 2013 WL 5460870, *19 (W.D. Ky. Sept. 30, 2013), and because the proposed amended complaint contains more than a "passing

reference to a claim of unjust enrichment," the court finds that the proposed amended complaint sufficiently pleads a claim for unjust enrichment.

The court does not find any factors justifying the denial of Plaintiffs' amendment. Plaintiffs have not engaged in undue delay, nor has the court found any bad faith or dilatory motive on their part, and as discussed, the amendment is not futile. The court finds that justice requires that Plaintiffs be permitted to amend their complaint to add the additional facts learned during discovery to support their claims. The court need not address Plaintiffs' request for leave to add three additional defendants to the action, as LTF has not objected to this portion of Plaintiffs' motion.

**IV.**

For the reasons set forth herein this date and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to file an amended complaint and join additional defendants (DN 83) is **GRANTED**. A separate order will be entered this date in accordance with this memorandum opinion.

**IT IS SO ORDERED.**

January 7, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**