UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID PEPPER[1], et al.                                                    PLAINTIFFS

v.                                          CIVIL ACTION NO. 3:11CV-547-S

LTF GREENHOUSES, LLC, et al.                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the following motions:

(1)  Motion of defendant Byron Hodgin to set aside entry of default (DN 110);

(2)  Motion of defendant Byron Hodgin to dismiss (DN 122);

(3)  Motion of defendant Byron Hodgin for hearing on motion to dismiss (DN 137);

(4)  Motion of defendant Byron Hodgin for extension of time to complete discovery pending ruling on motion to dismiss (DN 146);

(5)  Motion of plaintiffs David Pepper and Scotty Lee for leave to file supplemental brief and motion to hold in abeyance any ruling on the motion to dismiss (DN 165).

Briefly, the factual background of this case is as follows:

On September 30, 2011, Plaintiffs David Pepper and Scotty Lee ("Pepper" and "Lee") filed a complaint[2] in this court naming LTF, W.A. Pippin, and W.A. Pippin Farms, Inc. as defendants and

---

[1] The plaintiff's last name appears as "Peppers" and "Pepper" in various places throughout the record of this case. The Complaint recites "Peppers" and the Amended Complaint uses "Pepper." In a letter from the plaintiff's attorney he uses both denominations in the same letter (DN 91-8). The court will use "Pepper," as the Amended Complaint, now the operative pleading, so denominates him.

[2] Pepper and Lee filed separate actions which were consolidated in December of 2012.

invoking our diversity jurisdiction.[3] (DN 1). Recently, Pepper and Lee were granted leave to file an amended complaint adding defendants Byron Hodgin ("Hodgin") and Pesticide Service Consultants. The plaintiffs allege that W.A. Pippin and W.A. Pippin Farms, Inc. (collectively, "W.A. Pippin") promised to provide Pepper and Lee with "Aristotle" variety bell pepper seeds. W.A. Pippin allegedly shipped the seeds to Incotec, which pelletized the seeds, and then had the seeds shipped to LTF for germination. With respect to LTF, the complaint alleges that LTF: (1) accepted the bell pepper seeds and agreed to germinate them, despite the fact that they were not properly labeled as "Aristotle" bell pepper seeds; (2) germinated the seeds and delivered the seedlings to Pepper; (3) represented that the seedlings were "Aristotle" variety bell peppers when they were, in fact, some other variety; and (4) delivered seedlings that had leaf spot and other harmful bacteria or spores not readily detectable to Pepper at the time of delivery. The plaintiffs' pepper crops were a complete loss, as they were diseased. The plaintiffs allege, in part, that Hodgin provided the seed which ultimately ended up in Pepper's and Lee's fields, and that it was not "Aristotle" bell pepper seed and thus was not disease-resistant.

The amended complaint was permitted to be filed by order dated January 8, 2014. On March 17, 2014, the plaintiffs moved for entry of default against Hodgin which was granted on April 14, 2014 (DN 104). On April 28, 2014, Hodgin, proceeding *pro se*, moved to set aside the order of default. The present series of motions resulted thereafter.

Hodgin also filed a motion to dismiss for lack of personal jurisdiction over him (DN 122). He is a Florida resident and claims that he is not subject to suit here. He has sought a stay of

---

[3] The parties do not appear to dispute that Plaintiffs are citizens of Kentucky, Defendant LTF is a Georgia corporation with its principal place of business in Georgia, and Defendant W.A. Pippin is a Florida corporation with its principal place of business in Florida. (DN 1, ¶¶ 1, 3–5).

discovery until resolution of the matters of default and personal jurisdiction are decided (DN 146) and has requested a hearing on the motion to dismiss (DN 137). The plaintiffs filed a motion for leave to file a supplemental brief in opposition to the motion of Hodgin to dismiss for lack of jurisdiction and to stay ruling on the motion to dismiss until Hodgin has been deposed (DN 154). After many delays, Hodgin's deposition is scheduled to take place on October 29, 2014, per the order of United States Magistrate Judge Dave Whalin entered on September 19, 2014 (DN 174). Additionally, the plaintiffs have filed an affidavit averring that they are unable to fully address the matter of personal jurisdiction raised by the motion to dismiss, as Hodgin has failed to respond to any discovery requests and has repeatedly failed to make himself available for deposition in Florida.

The magistrate judge has apparently resolved the issues underlying the objections to Hodgin's deposition and it should go forward as scheduled on October 29, 2014. Despite Hodgin's averment otherwise, the plaintiffs have alleged, among other claims, that all of the defendants made negligent and fraudulent misrepresentations to the plaintiffs. The plaintiffs state in particular that W.A. Pippin, George Pippin, and Gary Campbell acted "in concert with and at the direction and approval of" Hodgin in committing acts of negligent misrepresentation and fraud which caused injury and loss to the plaintiffs in Kentucky. Further, the plaintiffs have alleged that Hodgin was in contact with Pippin and provided advice at the time that representatives were in Kentucky inspecting the failing crops. The plaintiffs should be permitted the opportunity to fully explore Hodgin's alleged involvement in the events in question via the upcoming deposition. Therefore, **IT IS HEREBY ORDERED AND ADJUDGED** that:

> 1. The motions of defendant Byron Hodgin to set aside entry of default and to dismiss (DN 110; 122) are **HELD IN ABEYANCE PENDING THE COMPLETION OF THE DEPOSITION OF BYRON HODGIN AND SUPPLEMENTAL BRIEFING**;

2.  The motion of defendant Byron Hodgin for a hearing on the motion to dismiss (DN 137) is **DENIED**;

3.  The motion of defendant Byron Hodgin for extension of time to complete discovery pending ruling on motion to dismiss (DN 146) is **DENIED**;

4.  The motion of plaintiffs David Pepper and Scotty Lee to file supplemental brief and motion to hold in abeyance ruling on the motion to dismiss (DN 165) is **GRANTED**.  The plaintiffs shall file a supplemental brief in response to Hodgin's motion to dismiss **no later than twenty-one (21) days after the completion of the Hodgin deposition**.  Defendant Hodgin may file a further reply **no later than twenty-one (21) days after service of the plaintiffs' supplemental brief.**

**IT IS SO ORDERED.**

October 24, 2014

**Charles R. Simpson III, Senior Judge
United States District Court**